UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 22-mj-2381 |
| | ) | |
| | ) | JUDGE FRENSLEY |
| NATHANIEL MCDONALD | ) | |

**UNITED STATES' SUPPLEMENTAL MOTION FOR DETENTION HEARING AND FOR DETENTION OF THE DEFENDANT**

COMES NOW the United States of America by Henry C. Leventis, United States Attorney, and Joshua A. Kurtzman, Assistant United States Attorney, and moves this Court for a detention hearing and for detention of the Defendant in this matter. Federal law holds that "the judicial officer shall hold a hearing to determine whether any conditions or combination of conditions…will reasonably assure…the safety of any other person and the community – upon motion of the attorney for the Government or upon the judicial officer's own motion in a case, that involves . . . any felony . . . that involves a crime of violence." 18 U.S.C. § 3142(f)(1)(A) [The statement in support of the Criminal Complaint in this case describes that the Defendant committed a violation of 18 U.S.C. § 875(c), which is a crime of violence for the purposes of the Bail Reform Act. As articulated in a recent Order, Magistrate Judge Newbern articulated that "[c]ommunicating a threat in violation of 18 U.S.C. § 875(c) constitutes a 'crime of violence' for purposes of the Bail Reform Act." *United States v. Cooper*, No. 3:19-MJ-04254-1, 2019 WL 4259454, at *3 (M.D. Tenn. Sept. 9, 2019) (citing *United States v. Turner*, 941 F. Supp. 2d 347, 351 (E.D.N.Y.

Conshohhry,]1]

---

[1] For ease of access, the United States has attached a copy of Judge Newbern's Order.

The underlying framework of Judge Newbern's decision is based upon the definition of a crime of violence in 18 U.S.C. § 3142, which is provided by 18 U.S.C § 3156(a)(4). Title 18 U.S.C. § 3156(a)(4) defines the term "crime of violence" as "(A) an offense that has [as] an element of the offense the use, attempted use, or *threatened use of physical force against the person or property of another*; (B) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." *United States v. Gotti*, 219 F. Supp. 2d 296, 297–98 (E.D.N.Y.); *see also* 18 U.S.C. § 3156(a)(4).

The Statement in support of the Criminal Complaint in this case details a multi-month long fixation of the Defendant on conducting a school shooting in Robertson County. Even before criminal charges were filed against the Defendant in this case, the Defendant threatened to kill children in an effort to inflict emotional pain upon women in his community. These threats, just like the threat previously analyzed by Judge Newbern, constitute a crime of violence under the Bail Reform Act, thus entitling the United States to a detention hearing.

The United States respectfully requests a continuance of three business days in order to adequately prepare for the hearing in this matter.

Respectfully submitted,

HENRY C. LEVENTIS
United States Attorney

By:

    */s/ Joshua A. Kurtzman*
    AUSA JOSHUA A. KURTZMAN
    Assistant U.S. Attorney
    716 Church Street – Suite 3300
    Nashville, Tennessee 37203

CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the foregoing will be served electronically to counsel for defendant via CM/ECF on the 28th day of December 2022.

    */s/ Joshua A. Kurtzman*
    AUSA JOSHUA A. KURTZMAN